No. DA 06-0592

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 24N

IN THE MATTER OF D.S.,

A Youth in Need of Care.

APPEAL FROM:    The District Court of the Eighteenth Judicial District,
                In and For the County of Gallatin, Cause No. DN 2004-019,
                Honorable Holly B. Brown, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Peter B. Ohman, Office of the State Public Defender, Bozeman, Montana

        For Respondent:

        Hon. Mike McGrath, Montana Attorney General, C. Mark Fowler,
        Assistant Attorney General, Helena, Montana

        Marty Lambert, Gallatin County Attorney, Kimberly Dudik,
        Deputy County Attorney, Bozeman, Montana

                                        Submitted on Briefs:  January 10, 2007

                                                Decided: February 6, 2007

Filed:

        _____
                            Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 D.S. is the biological mother of the youth, D.S., who was born on December 9, 1996. Because the mother and the youth share the same initials we will hereafter refer to the Appellant as "Mother" and to the youth as "Youth."

¶3 Mother appeals from the District Court's Findings of Fact, Conclusions of Law, and Order Terminating Mother's Parental Rights to Youth. In her appeal Mother raises four issues: (1) whether the treatment plan requiring her to be employed was appropriate given the fact that she was disabled, a fact known to the Department of Public Health and Human Services (Department); (2) whether giving her only four months to complete her treatment plan was an abuse of discretion; (3) whether the court's findings of fact were clearly erroneous; and (4) whether the court received a valid stipulation for extension of temporary legal custody.

¶4 Mother's appeal primarily centers around the inclusion in her treatment plan of a goal that she obtain and maintain employment. She argues that she is disabled by reason of back problems, and that the inclusion of the employment requirement in her treatment

plan was inappropriate.  Mother states that the Department knew of her disability when it included the employment requirement in her treatment plan.

¶5      The State points out that Mother was represented by counsel at the time the treatment plan was signed, and at that time she did not object to the employment condition or raise the issue of her disability.  The State also points out that while Mother may have been "disabled" for purposes of obtaining Supplemental Security Income (SSI) benefits, the record does not support her conclusion that her "disability" rendered her unemployable such that she could not or should not work.  The State also maintains that the record does not support Mother's criticisms of the treatment plan or that the Department did not demonstrate good faith in working with her on her treatment plan.

¶6      The District Court found that while Mother had complied with parts of the treatment plan, she clearly had not complied with all seven goals or provided a basis to determine a change in her conduct or conditions in order for the treatment plan to be considered successful.  The court found that Mother did not follow the recommendations from her psychological evaluation or successfully complete alternative therapy, and that she had not stopped using alcohol and drugs.  The court also noted that while Mother had attended parenting classes, she had not dealt with the psychological problems that the evaluating psychologist concluded were the cause of her inability to properly parent.

¶7      Based upon the evidence submitted, the court found that Mother's condition is not likely to change within a reasonable time and that, at the time of the termination hearing in February 2006, there was still no indication that Mother had made any other changes or efforts to comply with her treatment plan.  The court found that based upon the

3

testimony, affidavits and reports presented, the continuation of the parent-child legal relationship between Youth and Mother would likely result in continued abuse or neglect.

¶8 The court concluded that there was clear and convincing evidence to establish that Mother had not complied with all aspects of the court ordered treatment plan. Mother did not complete the therapy she began or deal with the psychological issues that were impairing her ability to parent; she continued to use alcohol and drugs; she had not been able to provide a safe and healthy home for Youth; and she had not consistently maintained her visitation or contact with Youth.

¶9 We review a district court's findings of fact to determine whether those findings are clearly erroneous. *In re A.N.W.*, 2006 MT 42, ¶ 28, 331 Mont. 208, ¶ 28, 130 P.3d 619, ¶ 28 (citation omitted). We review a district court's conclusions of law to determine whether the court correctly interpreted and applied the law. *In re Custody and Parental Rights of M.A.D.*, 2003 MT 10, ¶ 12, 314 Mont. 38, ¶ 12, 62 P.3d 717, ¶ 12. A review of the record leads us to conclude that the District Court's findings of fact are supported by substantial evidence and are not clearly erroneous, and that its conclusions of law are correct.

¶10 Therefore, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the record before us that the findings of fact are supported by substantial evidence. Additionally, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted.

4

¶11    We affirm the decision of the District Court.


                                                          /S/ JAMES C. NELSON


We Concur:

/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ JIM RICE